# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ALI ALI BEY**                                                                                                          **PLAINTIFF**

v.                                  Case No. 4:24-cv-00746-LPR

**ARKANSAS STATE POLICE and**
**JACKSON SHUMATE, Trooper**                                                              **DEFENDANTS**

## ORDER

On September 3, 2024, Plaintiff Ali Ali Bey filed this *pro se* action and sought leave to proceed *in forma pauperis*.[1] He has since moved to name additional defendants—the Arkansas Game and Fish Commission and Adam Baker.[2] That Motion is GRANTED. Also, because he reports limited income, Mr. Bey's IFP Motion is GRANTED.[3] Now, the Court must screen Mr. Bey's Complaint to determine whether the cause of action is frivolous or malicious, fails to state a claim, or seeks monetary relief from a party immune to such relief.[4] A *pro se* litigant's complaint must be construed liberally.[5] Nonetheless, the complaint must "allege sufficient facts to support the claims advanced."[6] The Court must also have jurisdiction to hear this case.[7]

"In every federal case, the threshold requirement is jurisdiction because '[f]ederal courts

---

[1] Mot. for Leave to Proceed *in forma pauperis* (Doc. 1); Compl. (Doc. 2).

[2] Mot. to Add Parties (Doc. 4).

[3] Mot. for Leave to Proceed *in forma pauperis* (Doc. 1); *see Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[4] 28 U.S.C. § 1915(e)(2); *Martin-Trigona*, 691 F.2d at 857.

[5] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[6] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

[7] *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)).

are courts of limited jurisdiction.'"[8]  If the Court lacks subject-matter jurisdiction over a case, then the complaint must be dismissed in its entirety.[9]  Generally speaking, the Court's subject-matter jurisdiction over a case must be based on either federal question jurisdiction or diversity jurisdiction.[10]  This is such an important prerequisite to the exercise of a federal court's power that the Court is required to examine the issue *sua sponte* if the Court has any concern that it might lack jurisdiction over a case.[11]

Mr. Bey alleges that Trooper Shumate impounded his motorcycle on May 26, 2024.[12]  The circumstances around the impoundment are not mentioned.  Mr. Bey neither argues that the motorcycle was unlawfully impounded nor does he seek its return.  Instead, Mr. Bey seeks what he describes as "rent" for each day his motorcycle has been impounded.[13]

As the Complaint is currently pled, the Court has neither diversity nor federal question jurisdiction over this case.  Diversity jurisdiction exists if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000.[14]  Mr. Bey's request for damages totaling $13,527.00 does not meet the amount-in-controversy requirement.[15]  Therefore, this Court has no diversity jurisdiction.  Further, Mr. Bey has not stated any federal claims that could support federal question jurisdiction in this case.  At most, Mr. Bey's allegations raise a state law claim for

---

[8] *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022) (alteration in original) (quoting *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021)).

[9] FED. R. CIV. P. 12(h)(3).

[10] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. §§ 1331 (federal question) & 1332 (diversity).

[11] *Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024).

[12] Compl. (Doc. 2) at 1.

[13] *Id.*

[14] 28 U.S.C. § 1332.

[15] Compl. (Doc. 2) at 1.

conversion. Mr. Bey has failed to establish federal question jurisdiction, and the Court thus cannot accept supplemental jurisdiction over his state law claim.[16]

IT IS THEREFORE ORDERED that:

1. Mr. Bey's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is GRANTED.

2. Mr. Bey's Motion to Add Parties (Doc. 4) is GRANTED.

3. Mr. Bey's Complaint (Doc. 2) is DISMISSED without prejudice.

4. Mr. Bey's Motion to Appoint Counsel (Doc. 5) is DENIED as moot.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

DATED this 10th day of June 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[16] 28 U.S.C. § 1367. If Mr. Bey was trying to state some sort of § 1983 claim, his Complaint doesn't come anywhere close to doing so, even given the liberal rules we apply to *pro se* plaintiffs.